*449 'HENDERSON, Judge,
dissentiente. — This evidence can be rejected only upon the ground of its irrelevancy. There .is no dispute as to the competency of the evidence, by which the fact was to be proved. That fact is relevant which tends to elucidate the point in issue, or from which a rational inference can be drawn, in relation to it.in this view of the case, it is entirely immaterial whether Anderson or his agent was present when Hawkins made the offer to Mitchell. Their presence does not affect the existence of the fact. If the evidence tended toH impose upon Anderson terms or conditions, which did not arise out of his contract, or what is the same, out of the transaction, then his presence would be all-important,- for it would be unjust to vary or change his contract without his consent, and if he knew not of tins previous conversation with Mitchell, to superadd it to his engagement would boto do so without his consent, & consequently would he an act of injustice. But the difficulty in tiie case is, what his contract w'as. Hawkins alleges, that upon the exchange of the Bank note, he expressly refused to guaranty it without a premium. Tin* agent of Anderson in this transaction, swears that he did not expressly refuse to make the guarantee, inasmuch ás no-tiling was said in relation to it. Hawkins proves by a witness, who says that he was present, when the exchange was made, that he (Hawkins1 did expressly refuse to make the guarantee. Hawkins asks to hat.e this fact thrown into the scale on his side, (contending that it weighs something,') to-w¡¡, that upon a treaty of exchange of the same note with Mitchell, which took place a few moments before, the exchange with Anderson, he expressly refused to make the guarantee without a premium, on terms precisely tlie same in all other respects with those, on which Anderson allows be afterwards' closed with him ; and therefore he asks the Jury to believe the. assertion of his witness ; as he (Hawkins) judging by the ordinary motives of mankind, would not demand a pre- *450 m¡utn ¡n |¡ie 01)e case, and omit to do so in the other, in transactions so much alike, that they may well be termed identical. He contends that there was no motive or in-¿UCpmPnt Sü to ac^ an(] ¡j ¡s therefore probable that he did not so act. In this view of the case, the absence of Anderson or his agent, is unimportant,. Irrelevant facts are those which do not relate to the issue •, those from which a rational inference cannot be drawn in relation to it. They are rejected therefore upon two grounds, that an examination into them would be an unnecessary consumption of time, and secondly, that they tend to mislead the Jury by holding out to them false lights. The Court therefore rejects all testimony, which does not tend to throw light upon the subject — every one from which the Jury cannot draw a rational inference, in relation to the issue, or which would tend to mislead. But if they are of an opposite character, if they do throw light on the issue, if they do not tend to mislead the Jury, but are such that a rational inference can be drawn from them, they are to he thrown into the scale, and weighed by the Jury. It is the. province of the. Court to determine the question whether they may have any weight, and of the Jury to ascertain how much that, weight is. Nor is it required, that the act he of such a nature that the Jury must draw an inference from it, it is sufficient that they may do so. In this case, were it the law that on the exchange of a bank note, no implied guarantee arose that the note was genuine, but it required an express promise to create one, the influence would be much stronger in favor of Hawkins • it is much weakened to be sure, but not destroyed by the law- being otherwise. But although weakened, it yet may weigh something, and should therefore have been considered by the Jury.
I think that there ought to he a new trial.
Per Curiam. — Judgment affirmed.